# 2000 DTA 92

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

VANESSA M. RIVERA MERCADO Y MICHAEL D. FIGUERAS ARTACHE, ETC.
Apelantes

v.

SUPERMERCADOS AMIGO; AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.; FULANO DE
TAL; CORPORACION D
Apelados

Núm. KLAN-99-01250

San Juan, Puerto Rico, a 9 de febrero de 2000

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Tribunal de Primera Instancia, Sala Superior de Carolina, declaró con lugar una demanda en daños y perjuicios, presentada por la apelante Vanessa M. Rivera Mercado y otros, contra Supermercados Amigo y su compañía de seguros, como consecuencia de una caída.

Inconforme, la apelante presentó recurso alegando, en síntesis, que aunque no impugnaba las determinaciones de hechos del tribunal de instancia, por lo cual no presenta una exposición narrativa de la prueba, entendía que las cuantías concedidas eran irrazonablemente bajas.

Confirmamos la sentencia apelada; veamos los fundamentos.

I

Los hechos tienen su origen el 12 de febrero de 1997, cuando la apelante Vanessa M. Rivera Mercado de 28 años de edad, mientras se encontraba haciendo compras en el Supermercado Amigo de Laguna Shopping Center en Carolina, resbaló en un charco de agua, cayendo al piso sobre su rodilla derecha y su pie izquierdo. El accidente ocurre entre otras razones, porque el piso era blanco, estaba mojado y no había letreros advirtiendo de la condición peligrosa del área.

Como resultado de la referida caída, la apelante Vanessa M. Rivera Mercado fue atendida al día siguiente en la Sala de Emergencia del Ashford Presbyterian Community Hospital por dolores en la rodilla derecha, el pie izquierdo, el abdomen y la espalda. Luego de los exámenes, incluyendo las radiografías, se diagnosticó: espasmo muscular paravertebral en la región cervical con dolor severo en el cuello; espasmo muscular paravertebral en la región lumbo-sacral, acompañado por dolor severo en la espalda; y efusión en la articulación de la rodilla izquierda acompañado por dolor severo en el tejido blando de la rodilla.

Por los dolores que sufría Vanessa M. Rivera Mercado en la parte inferior de la espalda y la parte inferior del abdomen, se ordenaron radiografías adicionales de la pelvis y fue dada de alta ese mismo día, con medicamentos y un soporte cervical de tipo blando. La apelante continuó sufriendo de dolores en la espalda, tenía dificultad para dormir, no podía hacer las labores del hogar, ni cuidar a sus hijos y se afectaron las relaciones íntimas con su esposo.

Durante todo ese período recibió tratamiento médico del doctor Martín Hernández Bem, cuya especialidad era medicina de familia, pero no fue evaluada por un neurólogo o un ortopeda. La evaluación médica demostraba que ésta tenía limitados los movimientos cervicales, espasmos musculares en áreas laterales y posteriores del cuello. Las extremidades demostraban una limitación y disminución de fuerza; en particular, en el movimiento de la rodilla derecha con efusión en la articulación y dolor en el tejido blando.

El doctor Hernández Bem la medicó con Norflex, Toradol y Vicodín, le requirió que siguiera utilizando el collar cervical durante todo el día y que tenía que rebajar de peso, ya que pesaba 288 libras con una estatura de 5 pies con 7 pulgadas. Su condición continuó durante el 1997 y los medicamentos fueron sustituidos y se le ordenó una dieta para su condición de peso, pero apenas rebajó 12 libras. En opinión del médico de familia, la apelante tenía un 10% de impedimento físico permanente y pronosticó en el futuro una posible intervención quirúrgica de los discos.

Por el deterioro de sus relaciones familiares, se le recomendó a la apelante que obtuviera consejería profesional, lo cual no hizo por alegadamente razones económicas.

Como resultado del cuadro clínico descrito, la apelante, junto a su esposo y la sociedad de gananciales, presentaron una demanda en daños y perjuicios. Previo los trámites correspondientes, se declaró con lugar la demanda y se le concedió en compensación a la apelante $20,000.00 por los daños físicos y angustias mentales, a su esposo se le concedió $6,000.00, a la sociedad de gananciales $5,275.00 por los gastos médicos y $2,286.00 en costas. Se concluyó por el tribunal, que el accidente ocurrió por negligencia del Supermercado Amigo y éste no impugnó tal dictamen.

Inconforme con la compensación otorgada, la apelante acude ante nos alegando que procedía una compensación de $260,000.00 y $100,000.00 respectivamente.

## II

Cónsono a los hechos antes esbozados, analicemos la norma jurídica aplicable.

Alega la apelante, en síntesis, como único error, que la compensación concedida es irrazonablemente baja.

No le asiste la razón.

La responsabilidad civil en daños y perjuicios es el deber de resarcir al damnificado, otorgándole un valor económico por el daño sufrido mediante la compensación. Es una especie de subragación real donde la compensación económica crea una situación patrimonial equivalente a la destruida por el daño causado. *Cintrón Adorno v. Gómez,* opinión de 22 de febrero de 1999, **99 J.T.S. 20,** pág. 615619*; Pagán v. Shiley Caribbean,* 122 D.P.R. 193, 205-206 (1988).

El derecho a ser compensado debe conservar el sentido de medida remediativa del daño, no puede tener carácter punitivo, ni se pueden conceder daños especulativos, pues la indemnización no se puede convertir en una industria en busca de ganancias. *Agosto Vázquez v. F.W. Woolworth,* opinión de 13 de mayo de 1997, **97 J. T.S. 56,** pág. 950; *Odriozola v. Cosmetic Dist. Corp.,* 116 D.P.R. 485, 510 (1985). (Casos citados.)

La norma general avalada reiteradamente por nuestro más alto foro, es que los tribunales apelativos no deben intervenir con la estimación de los daños que haga el foro de instancia, salvo que las cuantías sean ridículamente bajas o exageradamente altas, y el que solicita su modificación, debe probar las circunstancias que lo justifiquen. *Rivera Rodríguez v. Tiendas Pitusa, Inc.,* opinión de 28 de junio de 1999, **99 J.T.S. 107**, pág. 1245; *Blás Toledo v. Hospital Ntra. Sra. de Guadalupe,* opinión de 30 de junio de 1998, **98 J.T.S. 101**, pág. 1438.

En el proceso de análisis de la compensación concedida por el foro de instancia a nivel apelativo, no se debe perder de perspectiva que no existen dos casos iguales, por lo cual cada caso debe verse en sus méritos y según sus circunstancias particulares. Además, los tribunales de instancia están en mejor posición que el foro apelativo para evaluar los daños, por estar en contacto con la prueba y no deben sustituir su criterio sin fundamento para ello. *López Vicil v. I.T.T. Intermedia,* opinión de 4 de abril de 1997, **97 J.T.S. 42,** pág. 838; *Elba A.B.M. v. U.P.R.,* 125 D.P.R. 294, 327 (1990). (Casos citados.)

## III

Procedemos a aplicar la norma jurídica antes discutida a los hechos ante nos.

La prueba que le mereció crédito al tribunal de instancia, la cual no se cuestiona por la apelante, estableció que ésta sufrió una caída y como consecuencia se le causaron daños en la rodilla, la espalda y el cuello. Estos daños físicos, a su vez, provocaron angustias mentales y otras limitaciones en su vida familiar, las cuales requerían de una compensación pecuniaria.

No se debe obviar que la apelante fue evaluada y asistida periódicamente por un especialista de medicina de

familia, pero no recibió tratamiento de un neurólogo o un ortopeda por su condición. De otra parte, el peso de la apelante de 288 libras, es una condición preexistente que le agrava las molestias de su condición lumbar, y ésta no ha podido cumplir con las recomendaciones médicas de bajar de peso.

Por último, la apelante no ha podido sustentar que el foro apelado, dada las circunstancias particulares del caso, haya impuesto una compensación irrazonablemente baja y sus argumentaciones que la cuantía que debe concederse es de $260,000.00 y $100,000.00, respectivamente, no se sostienen del examen del expediente y de los daños probados.

Por lo tanto, concluimos que el tribunal apelado emitió un dictamen con corrección jurídica, por lo cual procede confirmar el mismo.

## IV

En cuanto a la alegación de la apelada impugnando las costas impuestas, basta con señalar que ésta no cuestionó las mismas mediante el recurso correspondiente como lo dispone el ordenamiento procesal civil. Regla 44.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por lo tanto, no tenemos jurisdicción para considerarla y la apelada no puede solicitar su revisión al presentar su alegato en oposición a la apelación, pues su escrito procesalmente no constituye un recurso para revisar la determinación del foro de instancia sobre las costas impuestas.

## V

Por los anteriores fundamentos, se confirma la sentencia apelada según sus términos y condiciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General